H. C. POHLMAN v. G. F. DAWSON *et al.*
No. 12,564.   (65 Pac. 689.)

SYLLABUS BY THE COURT.

INJUNCTION—*Enforcement of Contract between Barbers.* Defendant, who was a barber and owner of a shop, sold his furniture, tools and fixtures to the plaintiffs, and agreed that he would not engage in the barber business in any manner in the town of Russell. *Held*, that a decree enjoining defendant from working as an employee of the owner of another barber shop in that town will' be sustained.

Error from Russell district court; LEE MONROE, judge.   Opinion filed July 6, 1901.   Division two. Affirmed.

*L. B. Beardsley*, and *W. G. Eastland*, for plaintiff in error.

*Geo. W. Holland*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. :  This was an action brought by plaintiffs below to enjoin the plaintiff in error from working at the barber trade in the town of Russell, in violation of the terms of a contract made by him with the plaintiffs.   It is alleged in the amended petition that the parties entered into a written contract, a copy of which is set out, in which plaintiff in error, for adequate consideration, agreed as follows :

"I, H. C. Pohlman, do hereby sell and assign all my right, title and interest to the building now used by me as a barber shop, together with all' furniture, tools and materials in said shop, to G. F. Dawson.   I also agree not to engage in the barber business in any manner in Russell, Kan., while said G. F., E. E. or H. A. Dawson shall conduct the same."

The petition avers that at the time the action was brought Pohlman was working at the barber trade in Russell, Kan., in a shop run by one Clarence Lester, in violation of the terms of the contract, to the great damage of plaintiffs; that he commenced work in said shop, in violation of his agreement, on or about the 21st day of July, 1898, and has worked ever since, and is now working at said barber trade. The defendant below demurred to this petition on the ground that it stated no cause of action. His demurrer was overruled, and, electing to stand thereon, a perpetual injunction was decreed against him, and he comes here by proceedings in error.

The principal contention is that the plaintiff in error was not violating the terms of the contract in working for the proprietor of another shop. We disagree with counsel in this claim. The contract is that Pohlman should not engage in the barber business in any manner in Russell, Kan. This means that he would not carry on said business after the manner of either a proprietor or an employee. We think that by the comprehensive language used he contracted not to work as a barber for any other person in that town so long as defendants in error were in business. Engaging himself as an employee in a rival shop would result in greater harm to the defendants in error than if the parties had been carrying on a purely commercial business. The barber sustains personal relations with his customers, which are at least *quasi* professional. Formerly by statute, 32 Henry VIII, C. 42 (5 Eng. Stat. at L., 58), in England, barbers were united with a company of surgeons, it being enacted that they should confine themselves to the operations of blood-letting and drawing teeth. While a barber no longer practices surgery or extracts teeth, his vocation de

pends for success on the skilful sharpening of his blade and the dexterity of its use. It differs essentially from a commercial pursuit. The patrons of a mercantile establishment are generally indifferent concerning the ability and experience of a clerk or proprietor whose dealings with them are chiefly confined to quoting prices and separating from the stock such quantities of goods as the customer buys. The owner may sell out to another and set up again for himself in the same business near by, yet purchasers find what is suitable to their wants still exposed for sale by the new proprietor at the old stand. Like the surgeon or dentist, when the barber moves he attracts to himself those having confidence in his ability, and the greater his professional skill the more difficult it is to alienate from him those to whom his services have given satisfaction.

The claim that the amended petition did not relate back to the time the action was commenced cannot be sustained. There is an express averment that it does so, and the verification states that the facts set out were true when the original petition was filed.

The judgment of the court below will be affirmed.

CUNNINGHAM, ELLIS, JJ., concurring.