THE KEENE SYNDICATE v. THE WICHITA GAS, ELECTRIC LIGHT AND POWER COMPANY.

No. 13,589. (76 Pac. 834.)

SYLLABUS BY THE COURT.

CONTRACTS—*Restraint of Trade—Lease Held Contrary to Public Policy and Void.* A corporation engaged in the business of generating and furnishing electricity for public and private use leased to a rival corporation in the city, for a period of ten years, machinery and appliances used in generating electricity, obligating itself by the provisions of the lease not to engage in the

business of furnishing electric light and power to public or private consumers in the city during that period, and not to dispose of any of the property, machinery or appliances retained by it, for producing or generating in that city electric light and power. *Held*, that the lease is in contravention of public policy, and that no action to recover rents can be maintained thereon by the lessor or its assignee.

Error from Sedgwick district court; D. M. DALE, judge.   Opinion filed May 7, 1904.   Affirmed.

*Kos Harris, J. V. Daugherty*, and *Thomas B. Wall*, for plaintiff in error.

*Houston & Brooks*, for defendant in error.

The opinion of the court was delivered by

ATKINSON, J. : On the 14th day of May, 1897, the Wichita Electric Railway and Light Company, a corporation under the laws of Kansas, with its place of business at the city of Wichita, entered into a contract, or lease, in writing, with the Wichita Gas, Electric Light and Power Company, a corporation under the laws of Kansas, with its place of business at the city of Wichita.   By its terms the former leased to the latter, for a period of ten years, at an annual rental of $3000, payable semiannually, certain machinery and appliances in the city of Wichita, adapted to, and used by the lessor for, the purpose of generating electricity for light, heat, and power.   On the 20th day of March, 1900, the Keene Syndicate, a corporation, purchased of the lessor, the Wichita Electric Railway and Light Company, the property covered by the lease, and also its interest in the lease, taking a written assignment thereof.   The lessee, the Wichita Gas, Electric Light and Power Company, being in default for three years' rent, in August, 1900, the Keene Syndicate, as assignee of the Wichita Electric

Railway and Light Company, commenced its action in the district court of Sedgwick county to recover the rent—the amount claimed due it from the lessee. The petition of plaintiff presented seven causes of action, and attached thereto was a copy of the written lease. The first six causes of action were each a specific claim for recovery upon one of the semiannual payments of rent. Each cause of action made reference to said lease and made it a part thereof. The seventh and last cause of action in the petition was intended by plaintiff to state a cause of action upon a *quantum meruit*, for the use of the machinery delivered to defendant under the lease, and by defendant received and used. This last or seventh cause of action made reference to the preceding counts, adopted portions of each, and made them a part thereof, which adoption had the effect to include also in the seventh cause of action the lease attached to, and made a part of, the petition. It became thereby also an action for recovery on the lease, and not a cause of action for recovery on a *quantum meruit*, as was contemplated by plaintiff. Defendant filed a demurrer to the petition, which was sustained by the court. Plaintiff elected to stand upon its petition, and judgment was entered against it for costs. Plaintiff brings error.

Does the petition on its face disclose a cause of action—a right of plaintiff to recover from defendant? It is charged by defendant that the petition discloses the lease sued on to be against public policy and void. The district court found it to be void for that reason. It is the only question before us for determination.

The petition of plaintiff, by its averments, in addition to embodying the facts above stated with reference to location, corporate existence, the execution of

the lease, the leasing of the machinery for the term and consideration mentioned, and the assigning of the lease by the lessor to plaintiff, may fairly be said also to disclose that the lessor and the lessee, at the time the lease was entered into, were rival public-utility corporations in the city of Wichita, engaged in generating and furnishing electricity for public and private use for light, heat, and power. The petition also in substance avers that the assignor of plaintiff, the Wichita Electric Railway and Light Company, had delivered to defendant all the property described in the lease and had duly performed all the conditions, agreements and stipulations in said lease to be by it performed. The lease contains the following language :

"The said first party hereby binds and obligates itself not to engage in the business of furnishing electric light and power to private or public consumers within the city of Wichita during the period covered by this agreement, except for the purpose of operating the street-railway now owned by the first party, and said first party furthermore agrees not to dispose of any of the apparatus, machinery, appliances, etc., retained by it, for producing or generating electric light and power in said city of Wichita."

The above language quoted from the lease, applied to, and construed with, the averments of the petition, of which the lease formed a part, fairly discloses that the lessor obligated itself not to engage in the business of furnishing electric light and power to private and public consumers within the city of Wichita during the period of ten years covered thereby ; and further agreed that during said period of ten years it would not dispose of any of its machinery or appliances, retained by it, for the purpose of being used to generate electric light and power in the city of Wich-

ita.   The effect of this, if carried out, would be that
the lessor for said period of ten years would abandon
the exercise of its corporate power to generate and
furnish electric light and power for public [and pri-
vate use in the city of Wichita; that it would with-
draw itself from the field of competition with the
lessor, its former competitor in the business, for said
period of ten years, and refrain from the sale of prop-
erty to others who might thereby become competitors
of the lessor in the said field of competition during
said period of ten years.   But it is not necessary for
the determination of this case to inquire whether the
effect of the agreement between the lessor and the
lessee was in fact detrimental to the city of Wichita,
or its citizens.   The inquiry should be whether the
agreement, which, in its necessary or contemplated
operation upon the actions of the party to it, *tends* to
restrain their natural rivalry and competition, and
thus to result in the disadvantage of the public or of
third parties, is against the principles of sound public
policy, and consequently void. (*Atcheson v. Mallon*,
43 N. Y. 147, 3 Am. Rep. 678.)

   In *Western Wooden-ware Ass'n v. Starkey*, 84 Mich.
76, 47 N. W. 604, 11 L. R. A. 503, 22 Am. St. Rep. 686,
an action to enjoin the association from engaging in
a certain business and from using certain premises in
carrying on said business in violation of a contract
with plaintiff, which contract provided that the asso-
ciation would not engage in, or carry on, the business
in controversy for a period of five years, and would
not within said period use the said premises or sell
them or permit them to be sold or used without the
consent of plaintiff, the court denied the injunction
and held the contract void as against public policy.
Referring more particularly to that feature of the

case wherein the association had contracted not to use, or permit the premises to be used, or to sell the the premises for use, in competition with plaintiff, an element in that case not unlike one of the elements in the case at bar, Mr. Justice Long, speaking for the court, said :

"In the present case, the defendants were not only to remain out of such business for the full time specified, but the premises which had been used to carry on the manufacturing by them, though not sold and conveyed under the contract, could not be again used for such time by them or any other party for the same business.   I do not think it needs the citation of authorities to show that contracts of this nature have frequently been condemned by the courts, and held void, as unreasonable restraints of trade, and therefore void on the ground of public policy."

Among the contracts declared illegal under the common law because opposed to public policy were contracts in general restraint of trade —contracts between individuals to prevent competition and keep up the prices of articles of utility.   It is well settled in the law of contracts that the first purpose of the court is to look to the welfare of the public, and if the enforcement of the agreement would be detrimental to its interests no relief should be granted to the party injured, and that, even though it might result beneficially to one of the parties who made and violated the agreement.   In *Gibbs v. Baltimore Gas Co.*, 130 U. S. 396, 9 Sup. Ct. 553, 32 L. Ed. 979, the court said :   "Courts decline to enforce contracts which impose a restraint, though only partial, upon business of such character that restraint to any extent will be prejudicial to the public interest."   The rule that contracts and agreements, when contrary to public policy, will not be enforced is one of the great pre-

servatives of a state.   It has been the uniform rule of this court, and indeed of all courts, to hold that contracts tainted with illegality are absolutely void. (*Hawley v. Coal Co.*, 48 Kan. 593, 30 Pac. 14; *Hinnen v. Newman*, 35 id. 709, 12 Pac. 144.)   Plaintiff, the assignee of the lessor, the Wichita Electric Railway and Light Company, is in no better position to recover than the lessor, as the illegal consideration appears upon the face of the contract or lease.   (*The Saratoga County Bank v. King*, 44 N. Y. 87; *Setter v. Alvey*, 15 Kan. 157.)

Whether plaintiff could maintain an action against defendant on a *quantum meruit* or otherwise, independently of the contract, need not be here considered. That question, in the view we have taken of the seventh cause of action of the petition, is not in the record before us.

The lease sued upon being in contravention of public policy, no action for a recovery upon it can be maintained.   The judgment of the district court will be affirmed.

All the Justices concurring.