No. 19,235.

GEORGE J. FOX, *Appellant,* v. W. H. BARBEE and CALVIN
PRIEST, *Appellees.*

#### SYLLABUS BY THE COURT.

CONTRACT—*Restraint of Trade—Not Invalid—Violation May Be
Enjoined.* A house mover bought out two other men in the
same town engaged in the same business, one of whom agreed
in writing to contract no house moving for the next ten years.
*Held,* that such contract, fairly construed, merely bound the
seller to refrain for ten years from competing with the pur-
chaser, and is reasonable and valid, and its violation can be
enjoined.

Appeal from Edwards district court; ALBERT S.
FOULKS, judge. Opinion filed February 6, 1915. Re-
versed.

*F. L. Slaughter,* and *M. A. Merten,* both of Kinsley,
for the appellant.

*Charles N. Willard,* and *W. E. Broadie,* both of Kins-
ley, for the appellees.

The opinion of the court was delivered by

WEST, J.: This appeal involves the validity of a
contract in restraint of trade. The plaintiff bought
certain house-moving material of the defendant, Bar-
bee, who made the following written agreement: "I
hereby agree to not contract no moving what Soever,
and sold the Exclusive right of all moving to Geo. J.
For for the next 10 years $150.00 witch is paid in full."
The probate judge, in the absence of the judge of the
district court, granted a restraining order, which the
judge of the district court on motion dissolved on the
ground that the quoted contract is illegal and void.

The old rule as to limitations of time and space has
given way to that of reasonableness, which depends
largely on the effect of a contract upon the interests of
the public. That the plaintiff should buy out the two

other house movers in Kinsley and contract with them to remain out of that business would not preclude other house movers from competing with him if they should so desire, and the effect of such contracts upon the people of Kinsley and vicinity can not be said to be more than conjectural. There can be no question that Barbee had the right to agree to refrain from this line of business in competition with the plaintiff for ten years, and while he worded his contract so as to prohibit his reëngaging in such business anywhere in the world for ten years, it is apparent that his resumption of the work beyond the limits of actual competition with the plaintiff could work no harm. Giving the contract a practical and sensible construction, the agreement was to refrain from competition with the plaintiff for ten years, and it was to enjoin this very thing that this suit was brought.

The following authorities are more or less in point: *Pohlman v. Dawson*, 63 Kan. 471, 65 Pac. 689; *Mills v. Cleveland*, 87 Kan. 549, 125 Pac. 58; *Harris v. Theus et al.*, 149 Ala. 133, 43 South. 131, 123 Am. St. Rep. 17, Note, 26; *Smith v. Webb*, 176 Ala. 596, 58 South. 913; *Eureka Laundry Co. v. Long*, 146 Wis. 205, 131 N. W. 412, 35 L. R. A., n. s., 119; 9 Cyc. 529.

The judgment is reversed and the cause remanded with directions to grant the injunction.