McSpadden *v.* Leonard.

Opinion delivered May 28, 1923.

Contracts—public policy—validity.—A bond which, in considera-
   tion of the dismissal of a pending damage suit for alienating
   the affections of the obligee's wife, bound the obligor to leave
   the county of his residence and not to return to that or an ad-
   joining county for 15 years, unless he should be called back on
   account of sickness or death of some member of his family or
   some urgent business that cannot be otherwise attended to ex-
   cept by his coming back, and required him, on coming back on
   the above missions, to leave said counties as soon as his mission
   should be ended, *held* not void as requiring the obligor to leave
   his immediate family nor as against public policy in requiring
   him to remain away from the county of his residence.

   Appeal from Independence Circuit Court, *Dene H.
Coleman,* Judge; reversed.

*S. M. Bone* and *Samuel M. Casey,* for appellant.

The court erred in sustaining the demurrer to the complaint, the contract sued not being void as against public policy. *Pittsburg Ry. Co.* v. *Comody,* 12 A. L. R., 473, 13 C. J. 427; *Steer* v. *M. W. of America,* 17 A. L. R., 417, 6 R. C. L. 710-11; *Sherrell* v. *Union Lbr. Co.* 207 S. W. 149. Validity of contract should be determined by analogy to a contract in partial restraint of trade. *Bloom* v. *Home Ins. Agency,* 91 Ark. 367; *Hampton* v. *Caldwell,* 95 Ark. 387; *Wakenight* v. *Spear & Rogers,* 147 Ark. 342. Contract herein limited as to both time and space. 13 C. J. 473, § 418; same 489 § 433. No consideration for dismissing suit that would probably have resulted in the recovery of large damages if contract held void. *Brader* v. *Hiscox,* 10 A. L. R. 316; *Wallace* v. *McPherson,* 197 S. W. (Tenn.) 565, a case in point; also *Robinson* v. *Thurston,* 248 Fed. 420. Contract effecting compromise of a suit for criminal conversation is void where in settlement of the injured party's right of action for damages. *McKenzie* v. *Lynch,* 167 Mich. 583; Ann. Cas. 1913-A 704, and note.

*W. K. Ruddell* and *Cole & Poindexter,* for appellees.

Contract sued on void as against public policy. 2 Elliott on Contracts, 146, § 814; *Freudenthal* v. *Espey,* 26 L. R. A. (N. S.) 961; *Tuscaloosa Ice Mfg. Co.* v. *Williams,* 85 A. S. R. (Ala.) 125; *Shapard* v. *Lesser,* 127 Ark. 590. This case is analogous to those in restraint of trade. Contract requires appellee to leave his wife and family. *Bowers* v. *Hutchinson,* 67 Ark. 15; *McConnell* v. *McConnell,* 98 Ark. 193; 13 C. J. 490, § 435; *Belton* v. *Anslee,* 95 N. Y. S. 481; *Roberts* v. *Criss, Admx..* 11 A. L. R. 698. Case of *Wallace* v. *McPherson,* 197 S. W. 565, relied on by appellant, not applicable to facts in this case. The Arkansas cases cited in support of appellant's contention that contracts in partial restraint of bids are valid all relate to ancillary proceedings and have no resemblance or analogy to the case. The contract provided a penalty, and not liquidated damages. *Stillwell*

v. *Paepke-Leicht Lbr. Co.,* 73 Ark. 432. Stipulation can-not be separated and part discarded as a penalty and remainder treated as liquidated damages. *Wait* v. *Stanton,* 104 Ark. 9; *Conden* v. *Kempner,* 13 L. R. A. (Kan.) 671; 1 Pomeroy, Equity Jurisprudence, §§ 443-4; *Montague,* v. *Robinson,* 122 Ark. 163; 17 C. J. 954, sec. 250; *Wilhelm* v. *Eaves,* 14 L. R. A. (Ore.) 297; 17 C. J. 951, § 247. The demurrer was properly sustained, and the judgment should be affirmed.

*S. M. Bone* and *S. M. Casey,* in reply.

Contract provides liquidated damages. *Stillwell* v. *Paepke-Leicht Lbr. Co.,* 73 Ark. 432; *Foran* v. *Wisconsin & Arkansas Lbr. Co.,* 156 Ark. 346. No public in-terest to serve in permitting appellee to escape liabili-ty on his contract. 14 Words and Phrases, 2d. S. 26. Con-tract should be upheld.

McCulloch, C. J. The court sustained a demurrer to appellant's complaint on a bond exhibited therewith as follows:

"In consideration of Lawrence McSpadden dismiss-ing, with prejudice, a suit which he has pending in the Independence Circuit Court for $15,000 damages against the undersigned, T. F. Leonard, the undersigned, T. F. Leonard, agrees as follows:

"First: That he will leave Independence County not later than September first, 1922, and not return to Independence County or to Stone County for fifteen years, unless he is called back to said counties on account of sickness or death of some member of his family, or on some urgent business that cannot be otherwise at-tended to except by his coming back, and, should he come back on either of the above missions, he agrees to leave said counties as soon as his mission is ended.

"Second: The undersigned agrees to pay all ex-penses of this suit, including the attorney's fees incurred by Lawrence McSpadden.

"Should the undersigned violate any part of this agreement he agrees to forfeit to and pay to Lawrence McSpadden the sum of five thousand ($5,000) dollars. And the undersigned Virgie Leonard hereby signs this bond for the consideration as surety.

"Witness our hands this April 4, 1922.

"T. F. Leonard,

"Virgie Leonard."

It is alleged in the complaint that appellee, T. F. Leonard, prior to the execution of said bond, invaded the home of appellant, seduced his wife and alienated her affections from appellant, and thereby greatly injured him; that he instituted an action in the circuit court of Independence County against Leonard to recover damages in the sum of $15,000, and that the bond exhibited with the complaint was executed in consideration of appellant's dismissal of that action.

The ground upon which the court sustained the demurrer was that the bond was void because it involved an agreement contrary to public policy; at least this is the ground upon which the decision of the court is defended by counsel for appellees.

In the first place, it is contended that there is a fair implication, from the language of the bond, that appellee Leonard was required by its terms to leave his immediate family, that is, his wife and children, for the stipulated time, and not to return except in case of sickness. This contention is easily disposed of by mere reference to the language of the bond, which does not speak of the immediate family of Leonard, and there is no inference that he was required to desert them. The bond is signed by Leornard's wife as surety, and the implication would rather be that she would follow her husband in complying with its terms by absenting themselves from the territory mentioned. But, at any rate, there is nothing in the language of the bond which requires appellant to desert his family, the clause in question being put in there for his protection, to merely per-

mit him to temporarily return in the event of an emergency arising on account of "sickness or death of some member of his family." He is not compelled to leave any of his family there, but in the event he does so he is permitted to return in such an emergency.

It is next urged that the bond is contrary to public policy because it compels Leonard to leave and remain away from the county where he resides and from one of the adjoining counties. The contract is a peculiar one, and there is little authority bearing directly upon the question of its validity. The only case of this kind brought to our attention by counsel is the decision of the Supreme Court of Tennessee in the case of *Wallace* v. *McPherson,* 138 Tenn. 458, 197 S. W. 565. In that case the Tennessee court held that, where one of the parties to a contract, "in consideration of sums to be paid monthly, agreed to remove from the city and remain absent so long as the adverse parties maintained their residences in such city," the contract was not invalid as contrary to public policy. In disposing of the question, the court said:

"There is, indeed, no question of the public health or public safety, and, so far as morality is concerned, such an arrangement seems promotive of it. Being promotive of private morals, the safety of individuals comprising a part of the public, and the peace of families, it seems to result in a distinct gain to the public welfare. The complainant was by the contract denied residence only in one city and county of Tennessee. Every other county in the State was open to him. He was not required to remove from the State; likewise the time was subject to his own control. He could resume his residence in Shelby County whenever he was willing to forego future payments. There was no forfeiture of sums previously paid, or any possibility of a claim for damages for breach of the contract. The condition imposed had no tendency to deprive complainant of any fundamental right of citizenship."

The validity of this contract should be determined, we think, by analogy to a contract in partial restraint of trade. It is the settled doctrine of this court that such a contract is valid, though it is equally well settled that the contract is not valid if it is so extensive in its scope as to amount substantially to a total exclusion of one of the contracting parties from the pursuit of any trade or avocation. *Edgar Lumber Co.* v. *Cornie Stave Co.,* 95 Ark. 449; *Shapard* v. *Lesser,* 127 Ark. 590; *Wakenight* v. *Spear & Rogers,* 147 Ark. 342. The effect of those decisons is, in other words, that such a contract is valid where the restraint is only partial as to time and place. Reasoning by analogy, it follows that the contract in question is valid because it is limited in those respects. The time is limited to fifteen years, which is not unreasonable to accomplish the desired ends in completely eradicating the evil effects of the alleged misconduct of Leonard, and the place from which he is to be excluded during that time is limited to two counties. The dismissal of the pending action constituted sufficient consideration, and, as before stated, we think that the agreement on the part of Leonard to absent himself from the county and adjoining county for a period of fifteen years was not contrary to public policy.

It is also contended that the contract provides for a penalty and not for liquidated damages, and for this reason also it is unenforceable.

According to the test laid down in the cases cited by counsel for appellee, we think that the stipulation should be treated as one for liquated damages. The test as to the character of the stipulation has been prescribed by this court in the following language:

"Where the contract is of such a nature that the damages caused by its breach would be uncertain and difficult of proof, the sum named by the parties is generally held to be liquidated damages, if the form and language of the instrument are not unfavorable to that construction, and the magnitude of the sum does not for-

bid it.'' *Nilson* v. *Jonesboro*, 57 Ark. 168; *Stilwell* v. *Paepcke-Leicht Lbr. Co.*, 73 Ark. 432; *Foran* v. *Wisconsin & Ark. Lbr. Co.*, 156 Ark. 346.

The court erred in sustaining the demurrer to the complaint, so the judgment is reversed, and the cause is remanded, with directions to overrule the demurer, and for further procedings.