### HAMPTON v. CALDWELL.

Opinion delivered June 20, 1910.

1. CONTRACT IN RESTRAINT OF TRADE—VALIDITY.—A contract by a barber, in selling his business and good will at a certain place, that he will not engage in the business again at that place is reasonable and enforcible. (Page 388.)

2. STATUTE OF FRAUDS—CONTRACT NOT TO BE PERFORMED WITHIN YEAR.—An oral contract not to engage in the business of a barber at a certain place is not within the statute of frauds as one not to be performed within a year, as the death of the obligor might bring the contract to an end within a year. (Page 388.)

Appeal from Lawrence Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*W. E. Beloate,* for appellant; *J. T. Lomax,* of counsel.

It is not enough that the court find that some contract was made, but must find one that is clear, convincing and certain in all its terms. 78 Ark. 160. It takes the same quantity and quality of evidence to procure an injunction restraining the breach of a contract as to enforce specific performance. 120 S. W. 829. The sale of the "good will" does not include a condition that the vendor will not re-enter the same business. 9 L. R. A. (N. S.) 979.

*Ponder & Ponder,* for appellees.

The contract was not within the statute of frauds because it is one that may be performed within a year. 88 Am. Dec. 337;

45 *Id.* 219; 31 *Id.* 142; 41 *Id.* 487; 46 Ark. 84. In order to come within the statute, the contract must be one that is not to be performed within a year. 31 Am. Dec. 142; 45 *Id.* 487; 62 Ark. 101. Where both parties without objection directed their evidence to the same issue, a defective complaint will be considered as amended to conform to the proof. 54 Ark. 289; 59 Ark. 215; 62 Ark. 262; 67 Ark. 426; 24 Ark. 326. Unless clearly against the weight of the evidence, the decree should be affirmed. 75 Ark. 52; 73 Ark. 489; 67 Ark. 200; 68 134; 71 Ark. 605.

McCULLOCH, C. J. Defendant, Thomas Hampton, is a barber, and owned and operated a barber shop in the town of Walnut Ridge, and on May 19, 1909, sold out to the plaintiffs, Caldwell & Hall. He claims that he sold to them the shop outfit for the sum of $750, and that there was no other agreement concerning the matter save that of the sale. Plaintiffs claim that he sold them the outfit for $500, and the good will of the business for $250, expressly agreeing not to again go into that business at Walnut Ridge. A few months later he started to open another shop at that place, and they instituted this action in the chancery court to restrain him from violating the alleged contract.

Such a contract is reasonable and enforcible, and a court of equity will restrain its breach. *Bloom* v. *Home Insurance Agency,* 91 Ark. 367, and cases cited.

An oral contract of that sort is not within the statute of frauds, for it is not one which, according to its terms, does not admit of performance within a year. The death of the obligor within a year would have brought the contract to an end; therefore, it might have been fully performed within a year. *Meyer* v. *Roberts,* 46 Ark. 80; *Ry. Co.* v. *Whitley,* 54 Ark. 199; *Sullivan* v. *Winters,* 91 Ark. 149; *Valley Planting Co.* v. *Wise,* 93 Ark. 1; *Lyon* v. *King,* 11 Metc. (Mass.) 411, 45 Am. Dec. 219; Smith on the Law of Fraud, § 347.

The evidence is conflicting; but we think it supports the finding of the chancellor, and is sufficient to warrant a court of equity in restraining a breach of the contract.

Decree affirmed.