## SHAPARD *v.* LESSER.

## Opinion delivered March 5, 1917.

1. CONTRACTS—IN PARTIAL RESTRAINT OF TRADE.—Contracts in partial restraint of trade with reference to a business or profession, where ancillary to the sale of the business or profession and the good will thereof, are valid and enforceable to the extent reasonably necessary for the protection of the purchaser.

2. CONTRACTS—SALE OF BUSINESS—AGREEMENT BY VENDOR TO STAY OUT OF BUSINESS.—A stipulation, on the sale of a business, that the vendor will not engage in a similar business, in that locality for a certain period, is valid and binding.

3. CONTRACTS—SALE—AGREEMENT TO STAY OUT OF BUSINESS.—A. was doing a ginning business in a certain locality, and when B. proposed engaging in the same business in the same locality, A. agreed to pay B. a certain sum if he would refrain from engaging in that business. *Held,* the contract was against public policy and unenforceable.

4. ACCOUNTS—ASSIGNMENT.—An account is not assignable and a party to whom it is sold or transferred cannot sue on it alone but must make his assignor a party to the action.

5. CORPORATIONS—SURRENDER OF CHARTER—ACTION ON ACCOUNT—TRANSFER TO EQUITY.—A corporation assigned certain accounts which it owned to one L., and then surrendered its charter. L. brought an action at law upon one of them, and all of the stockholders of the original corporation were joined as plaintiffs. *Held,* the cause should have been transferred to equity, but where the law court reached the same conclusion as the equity court would have reached, and all parties being before the court, no one's rights were prejudiced, the judgment will not be reversed.

Appeal from Lee Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Moore, Vineyard & Satterfield,* for appellant.

1. This action is bottomed on an open account and plaintiff should have made the Marianna Cotton Oil Company a party plaintiff. Kirby's Digest, § 6000; 69 Ark. 66; 47 *Id.* 541; 80 *Id.* 167.

The fact that the other former stockholders came in and asked to be made parties, stating that they had an interest, merely made additional interested parties plaintiff, but did not make the corporation a party. The corporation was extinguished. 105 Ark. 421; 116 *Id.* 74; 168 N. Y. 70. The case should have been transferred to chancery. Kirby's Digest, § § 958, 6000.

2.   It was error to sustain plaintiff's demurrer to the plea of set-off.   The complaint and the testimony show the amount due defendant under the contract, being $400 per annum so long as he bought seed for them and stayed out of the cotton seed business at Rondo.   98 Ark. 294.

3.   Under section 841, Kirby's Digest, the sale of property of a corporation must be ordered by the board of directors.   89 Ark. 435; 79 Id. 45; 103 Id. 283.   The judgment should be reversed and dismissed. or remanded with directions to transfer to chancery.

*Daggett & Daggett,* for appellees.

1.   Ordinarily the assignor of an open account must be a party, but the rule has no application here.   All of the original stockholders were made plaintiffs.   The corporation had lost its legal existence.   91 Ark. 414; 101 Id. 335; Thompson on Corporations, § 6586; 10 Cyc. 1328; 173 U. S. 698; 65 S. W. 171; 63 Id. 627; 69 Ark. 62, 67.

2.   The counter-claim was properly stricken out.   Kirby's Digest, § 6098; 83 Ark. 286; 106 Id. 241; 105 Id. 421.

3.   The contract was complied with.   Unliquidated damages can not be pleaded as a set-off.   30 Ark. 50; 54 Id. 187; 95 Id. 488.

4.   The contract with the Marianna Cotton Oil Company was void because made for the purpose of stifling competition.   Page on Contracts, § 434, p. 685; 85 Am. St. 125; 39 Id. 458; 84 Id. 559.

Agreements not to engage in a particular business are objectionable and usually void.   6 Rul. Case Law, § 196. The case was fairly tried; the evidence sustains the judgment and should be affirmed.

HART, J.   On March 8, 1915, Harry Lesser, doing business under the firm name of the Marianna Cotton Oil Mill, brought suit in the circuit court against T. L. Shapard for $876.65, alleged to be due upon an open account.   The plaintiff stated that the Marianna Cotton Oil Company, a corporation, had conveyed this account together with all of its other property of every kind to him, and that shortly there-

after it surrendered its charter to the State of Arkansas, and lost its legal entity as a corporation.

In April, 1915, A. D. Goldman, Blanche L. Goldman, J. L. Isaacs, W. B. Mann and Jim Thompson filed a motion in the cause, stating that at the time the Marianna Cotton Oil Company surrendered its charter they were stockholders in it and owned all the shares of stock issued by it. They stated that Blanche Goldman owned 796 shares, Harry Lesser, 797 shares, J. L. Isaacs, four shares, and the rest of them one share each and asked to be made parties plaintiff to the action. The motion was granted over the objection of the defendant.

The plaintiff alleged that the balance due was for hulls and meal set out in the account sued on.

The defendant answered and admitted that he had received the hulls and meal set out in the account sued on, but stated that he had purchased same from the Marianna Cotton Oil Company, and denied that plaintiffs had any right to recover on said account. The material facts are as follows:

In January, 1915, the Marianna Cotton Oil Company, by deed duly executed, pursuant to resolution unanimously passed by its stockholders, conveyed all of its property of every kind to Harry Lesser, and the consideration was that Harry Lesser should pay all the debts of the corporation. The corporation then, by resolution duly passed by its stockholders, surrendered its charter to the State of Arkansas. It was solvent at the time Harry Lesser took possession of its property under the conveyance to him. He paid its debts and thereafter conducted the business under the style of Marianna Cotton Oil Mill. The account sued on came into his possession along with the other assets of the corporation. Other facts will be stated or referred to in the opinion.

The jury returned a verdict for the plaintiff for $876.65 with accrued interest. The defendant has appealed.

The defendant in his amended answer, sets up the following:

"That on the.........day of..............., 1912, he entered into an agreement with the Arkansas Cotton Oil

Company, of Helena, Ark., by the terms of which he and the said Cotton Oil Company were to erect and operate a cotton gin at Rondo, Arkansas; that the Marianna Cotton Oil Company at that time and for a long time prior thereto owned and operated a cotton gin and bought cotton seed at said town of Rondo; that as soon as the Marianna Cotton Oil Company learned that it was to have competition in the gin business and in buying cotton seed at Rondo, it immediately began negotiations with the defendant for the purpose of inducing him to rescind his agreement with the Arkansas Cotton Oil Company (which was competitor of the Marianna Cotton Oil Company) and proposed that if he would do so, it would pay him $400 annually for his good-will and influence in staying out of the gin business and cotton seed business at Rondo in competition with Marianna Cotton Oil Company; that thereupon by mutual agreement he rescinded his said agreement with the Arkansas Cotton Oil Company, and accepted the proposition of the Marianna Cotton Oil Company, and has ever since abided by and faithfully lived up to said agreement and has not been in any wise connected with the gin or cotton business at Rondo in opposition to or competition with the Marianna Cotton Oil Company or its assigns."

It is insisted that the judgment should be reversed because the court refused to allow the defendant the $400 annually as set out in that part of the answer just quoted.

(1-2)   Contracts in partial restraint of trade with reference to a business or profession where ancillary to the sale of the business or profession and the good-will thereof, are valid and enforceable to the extent reasonably necessary for the protection of the purchaser. *Hampton* v. *Caldwell,* 95 Ark. 387; *Bloom* v. *Home Insurance Agency,* 91 Ark. 367, and cases cited; *Edgar Lumber Co.* v. *Cornie Stave Co.,* 95 Ark. 449.   In such cases the vendor by entering into and observing the covenant not to engage in his business or profession for a stipulated time in a certain locality secures to himself the full value of his business or profession and its good-will and such contract does not in any wise tend to stifle competition to the detriment of the public.   The

good-will of a business or profession has a value which the seller has an absolute right to secure in this way. The purpose to create a monopoly in the territory around the town of Rondo is obvious from the matter set forth in the answer.

(3)   According to its allegations the Marianna Cotton Oil Company executed the contract in question with the defendant in order to prevent him and another oil company from erecting and operating a cotton gin at Rondo, and thus becoming its competitor in buying cotton seed. The avowed object of the contract, according to the allegations of the answer, was to stifle competition and to promote a monopoly in the cotton seed business to the manifest injury of the public. The contract was not entered into for the purpose of protecting the oil mill company in a legitimate use of something which it acquired by it; for nothing was conveyed to the oil mill corporation. The purpose and effect of the contract was to enable the oil mill corporation to enjoy an illegitimate use of something which it already had. The contract was against public policy and the court correctly refused to allow defendant to use it as a set-off against the account sued on. *Clemmons* v. *Meadows* (Ky.), 94 S. W. 13, 6 L. R. A. (N. S.) 847; *Tuscaloosa Ice Mfg. Co.* v. *Williams,* 127 Ala. 110, 28 Southern 669, 85 Am. St. Rep. 125; 6 R. C. L., sec. 196, p. 791; Page on Contracts, § 434, p. 685.

(4)   In *Jett* v. *Maxfield Co.,* 80 Ark. 167, the court held under our statute an account is not assignable and that a party to whom it is sold or transferred can not sue on it alone, but must make his assignor a party to the action.

(5)   In the present case the corporation before it surrendered its charter sold and transferred all its assets to Harry Lesser. It is urged that the judgment should be reversed because Harry Lesser did not bring himself within the above rule. After the corporation had surrendered its charter to the State, all the stockholders came in and asked to be made parties plaintiff to the action which was done. It is conceded that they had a right to surrender the charter of the corporation to the State under the authority of *State ex rel. Atty. Gen.* v. *Arkansas Cotton Oil Co.,* 116

Ark. 74, and *Freeo Valley Rd. Co.* v. *Hodges,* 105 Ark. 314; but it is contended that under the principles announced in *Alf Bennett Lumber Co.* v. *Walnut Lake Cypress Co.,* 105 Ark. 421, that the cause should have been transferred to equity when the stockholders were made parties to the suit. Counsel are correct in this contention but it by no means follows that the judgment should be reversed for that reason. It is well settled that this court only reverses for errors prejudicial to the rights of the party appealing. The record shows that the corporation was solvent at the time it surrendered its charter to the State and that Harry Lesser agreed to pay its debts. All persons interested in the assets of the corporation were before the court. It is true the court did not formally transfer the cause to the chancery court, but it reached the same end at which it would have arrived had it done so. The fact that the circuit court reached the same conclusion as the chancery court would have been compelled to have reached had the case been transferred to it, shows that the defendant was not prejudiced. See *Boles* v. *Jessup,* 57 Ark. 469, and *Eagle* v. *Oldham,* 116 Ark. 565. In other words the defendant did not dispute that he owed the account sued on. All the parties interested in the assets of the corporation were parties to the suit and the defendant was not entitled to the set-off claimed by him for the reason already given. It necessarily follows that the result should have been the judgment rendered in the event it had been tried in equity. No prejudice therefore could have resulted to the defendant and the judgment is affirmed.