WAKENIGHT *v*. SPEAR & ROGERS.

Opinion delivered February 7, 1921.

1.  CONTRACTS—RESTRAINT OF TRADE.—Contracts in partial restraint of trade with reference to a business or profession, where ancillary to the sale of the business or profession, and the good will thereof, are valid and enforceable to the extent reasonably necessary for the protection of the purchaser.

2.  CONTRACTS—RESTRAINT OF TRADE.—An agreement in connection with the sale of a plumbing business not to engage in that business in the same town so long as the purchaser was engaged therein is sufficiently limited as to time and place to be valid.

3.  CONTRACTS—PUBLIC INCONVENIENCE AS AFFECTING VALIDITY.—The fact that there was a shortage of plumbers in the town, so that the public would be greatly inconvenienced by the enforcement of an agreement not to engage in the plumbing business in the town does not prevent the enforcement of the agreement.

Appeal from White Chancery Court; *J. E. Martineau*, Chancellor; affirmed.

*Brundidge & Neelly*, for appellant.

Appellees have enjoyed all of the benefits under their contract of purchase which they were entitled to. Appellant remained out of business for more than three years, and then only re-entered business as a day laborer when the public demanded his services, and he in no way interfered with the business of appellees. The public interest demands a reversal of this cause under the testimony which is undisputed. Contracts in partial restraint of trade are objectionable and of doubtful propriety and ought not to prevail where it is shown that the public will be the sufferer by the enforcement thereof; private interests ought always to yield to a reasonable

demand for the public good. The court erred in grant-
ing the injunction. 6 R. C. L., § 196; 49 N. E. 1030.

*Miller & Yingling,* for appellees.

1. The contract was not intended to lessen compe-
tition or fix the price of commodities. The agreement
was simply a sale of the good will of each of the parties
to the other. It is true the public will suffer some incon-
venience, but the agreement was not void as against pub-
lic policy. The test as to whether a contract in restraint
of trade is valid is whether the restraint is reasonably
necessary to protect the party in whose favor it is made,
with the exception stated in 13 C. J., § 420, p. 477, that the
contract or covenant by which the restraint is imposed
must be incidental to and in support of a sale by which
the covenantee acquires some interest in the business
needing protection. The rule applies to the case at bar.
74 Am. St. 241.

2. Contracts in partial restraint of trade only are
generally upheld when the agreements are by the seller of
property or business not to compete with the buyer in
such a way as to derogate from the value or business sold.
13 C. J., § 411, p. 468.

A stipulation in a bill of sale of a business that the
seller will not engage in a competing business within a
limited territory for a limited period of time is not con-
tary to public policy, but will be enforced. 1913 A, Ann.
Cas., p. 281. Contracts in partial restraint of trade, if
reasonable and founded upon legal consideration, will be
enforced. 62 Ark. 101; 91 *Id.* 373. The rule in 62 Ark.
101 has been uniformly followed in this State. 94 Ark.
475; 95 *Id.* 387, 449; 112 *Id.* 129.

3. The contract was merely a sale of the good will of
the business and not in restraint of trade. 3 A. L. R., p.
254, and note. On the question of consideration of public
policy, the rule is stated in 6 R. C. L., § 197, p. 793; *Ib.*
803, § 204. The cases in 127 Ark. 593 and 49 N. E. 1030,
are not applicable. Under the law and the facts the de-
cree is right.

SMITH, J.   In October, 1916, appellant Wakenight, a licensed plumber, owned and operated a plumbing shop in the city of Searcy, and carried a line of plumbing supplies.   Appellees are also licensed plumbers, and operate a plumbing shop in that city, and in connection with that business were also engaged in selling certain automobile accessories.

The appellant sold all of his plumbing supplies and fixtures to the appellees, in consideration of their sale to him of all their automobile accessories and their agreement to pay him the difference between the value of the plumbing supplies sold to them and the automobile accessories and supplies sold by the appellees to the appellant.   And in said contract of sale appellant bound himself not to again enter into the plumbing business in any capacity, or to be interested therein, either directly or indirectly, as long thereafter as the appellees might be engaged in said business in said city; and the appellees, on their part, agreed not to sell or be interested in the sale of automobile accessories or in the repairing of automobiles in said city.   After said contract was entered into and the sale was made by the parties, the appellant went into the business of operating a garage for the repair of automobiles and the sale of automobile accessories in Searcy; and the appellees continued to operate their plumbing business and discontinued the sale of automobile repairs and accessories.

The parties to the contract mutually observed its terms until February, 1920, when appellant resumed work as a plumber in the city of Searcy as an employee of his brother, who owned and operated a plumbing business in that city.   This suit was brought to enjoin appellant from engaging in that business; and the appeal is from a decree granting the relief prayed.

Testimony was offered at the trial below to the effect that a sewer improvement district had been organized which included the larger part of the city, and that an ordinance had been passed requiring residents therein to connect their premises with this sewer system, and

that compliance with this ordinance within the time limited made more plumbing work necessary than could be done by the resident plumbers, and that it was difficult and expensive to get competent plumbers elsewhere.

We think the decree should be affirmed. In the recent case of *Shapard* v. *Lesser,* 127 Ark. 590, we had occasion to construe the extent to which contracts to suppress business would be upheld. The opinion in that case cites the leading authorities and collects our own cases on the subject. This case is annotated in 3 A. L. R. 247, where cases from many States are cited. In the same volume and immediately preceding our own case of *Shapard* v. *Lesser* is found the case of *Pearson* v. *Duncan & Sons* (page 242), which is also annotated.

The contract construed in the case of *Shapard* v. *Lesser, supra,* was one in which the Marianna Cotton Oil Company contracted with another cotton oil company against erecting and operating a competing gin, and we refused to enforce that contract because, as we there said, the contract was not entered into for the purpose of protecting the Marianna Cotton Oil Company in a legitimate use of something which it had acquired by the contract, but the purpose and effect of the contract was to enable the Marianna Cotton Oil Company to enjoy an illegitimate use of something which it already had, that is, a monopoly of the ginning business. In other words, our holding was that it was contrary to public policy for two parties to make a contract whereby one might have a monopoly.

That opinion, however, recognized the right of one to sell his business and, as a means of obtaining a fair price therefor, to sell the good will accompanying it. We there said: "Contracts in partial restraint of trade with reference to a business or profession, where ancillary to the sale of the business or profession and the good will thereof, are valid and enforceable to the extent reasonably necessary for the protection of the purchaser. *Hampton* v. *Caldwell,* 95 Ark. 387, 129 S. W. 816; *Bloom* v. *Home Ins. Agency,* 91 Ark. 367, 121 S. W. 293, and

cases cited; *Edgar Lumber Co.* v. *Cornie Stave Co.,* 95 Ark. 449, 130 S. W. 452. In such cases the vendor, by entering into and observing the covenant not to engage in his business or profession for a stipulated time in a certain locality, secures to himself the full value of his business or profession and its good will, and such contract does not in any wise tend to stifle competition or to the detriment of the public. The good will of the business or profession has a value which the seller has an absolute right to secure in this way.''

The appellant here has not contracted to abandon his trade or to cease to follow it as a means of earning a livelihood. The restriction assumed is limited both as to time and place. He is at liberty to follow his trade anywhere except in Searcy, and that limitation will expire when appellees cease to engage in the plumbing business in Searcy. These self-imposed restrictions were assumed as an inducement to appellees to buy appellant's business, and the law does not prevent the making of contracts of that character for that purpose.

It is no doubt true the public may suffer some inconvenience on account of this contract; but it is that inconvenience—differing only in degree—which arises when any of these enforceable contracts in partial restraint of trade are made; and the right to make them is not denied on that account.

Judgment affirmed.