McCLURE v. YOUNG.

4-4430

Opinion delivered November 23, 1936.

*Richardson & Richardson,* for appellant.

*Beloate & Beloate* and *O. M. Young,* for appellee.

McHANEY, J. Appellant and appellee were the owners of the capital stock and jointly operated the McClure-Young Hardware Company, Inc., in the city of Walnut Ridge. On January 22, 1935, appellee purchased appellant's stock therein and they entered into a written contract, one clause of which reads as follows: "That party of the first part further covenants and agrees not to enter or become interested in, either directly or indirectly, the retail hardware and/or furniture business in the city of Walnut Ridge, Arkansas, for and during the period of three years from the date hereof; and it is mutually agreed that in the event party of the first part violates this covenant, then and in that event all liability of the party of the second part hereunder shall terminate and the party of the first part, and his assigns, shall forfeit all of the purchase price hereinafter mentioned then remaining unpaid."

The contract then provided for payment to appellant by appellee the sum of $1,555.12, in equal monthly installments of $222.16, evidenced by seven promissory notes of even date, the first to become due February 15, 1935, and one on the 15th day of each succeeding month to August 15. A lien was retained on the stock sold to secure the payment of said notes and there was an acceleration clause providing that if default was made in the payment of any note, all remaining notes should immediately become due and payable. Appellee paid three of the notes as they matured, but refused to pay the fourth or any of the others, and appellant brought suit. Appellee defended on the ground that appellant had breached the clause of the contract above quoted by engaging in the hardware business in Walnut Ridge as an employee of the Brewer Hardware Company of said city.

It is admitted and appellant so testified that he went to work for the Brewer Hardware Company the second week of May, 1935, selling furniture and hardware. Trial resulted in a decree for appellee, dismissing appellant's complaint for want of equity.

The question presented by this appeal is: Did appellant "enter into or become interested in, either directly or indirectly, the retail hardware and/or furniture business in the city of Walnut Ridge, Arkansas," by becoming an employee salesman, on a salary basis, of a competitor of appellee? There is no question in this case of the validity of the contract. Its validity is conceded by both sides, and our former decisions sustain it. *Shapard* v. *Lesser*, 127 Ark. 590, 193 S. W. 262, 3 A. L. R. 247; *Bloom* v. *Home Ins. Agency*, 91 Ark. 367, 121 S. W. 293; *Wakenight* v. *Spear & Rogers*, 147 Ark. 342, 227 S. W. 419. In the latter case Wakenight sold his plumbing business in Searcy, Arkansas, and "bound himself not to again enter into the plumbing business in any capacity, or to be interested therein, either directly or indirectly, as long thereafter as the appellees might be engaged in said business in said city." Thereafter, Wakenight resumed the plumbing business in Searcy as an employee of his brother who owned and operated a plumbing business therein. At the instance of the purchasers, Wakenight was enjoined from working as an employee for his brother, and that judgment was affirmed by this court. It was there said: "The appellant here has not contracted to abandon his trade or to cease to follow it as a means of earning a livelihood. The restriction assumed is limited both as to time and place. He is at liberty to follow his trade anywhere except in Searcy, and that limitation will expire when appellees cease to engage in the plumbing business in Searcy. These self-imposed restrictions were assumed as an inducement to appellees to buy appellant's business, and the law does not prevent the making of contracts of that character for that purpose."

In 12 R. C. L. 988, the rule is thus stated: "Having stipulated that he will not again re-engage in the business, he will not be allowed to re-enter the same line of business as an employee of another." This text cites *Pohlman* v. *Dawson*, 63 Kan. 471, 65 Pac. 689, 54 L. R. A. 913, 88 Am. St. Rep. 249, where defendant had sold to plaintiff a barber shop and agreed "not to engage in barber business in any manner in Russell, Kansas," while the purchasers should conduct the same. The

court held that covenant to embrace labor of defendant in such business as an employee. In *Langberg* v. *Wagner*, 101 N. J. Eq. 383, 139 Atl. 518, the court of chancery of N. J. held, to quote a syllabus: "Defendant conveyed his window cleaning business to complainant Langberg and covenanted that he would not 'engage, transact, or carry on, either directly or indirectly,' that business. The covenant *held* to be violated by defendant's accepting employment by a competing firm as a window cleaner." In that same case the court quoted with approval the language of Vice Chancellor GREY, in *Trenton Potteries Co.* v. *Oliphant*, 56 N. J. Eq. 680, 39 Atl. 923, as follows: "The defendants' covenant is that 'they will not, nor will either of them, directly or indirectly, engage in the business of the manufacture of pottery ware, except,' etc. I do not think it matters in what capacity the parties (covenantors) engage in the business whether as principals, individually, or as members of a partnership, or under employment of individuals or of a company, or as managers and active conductors of the business of making pottery ware by a corporation. Any and all of these undertakings must be held to be an 'engaging in the business,' etc., and must necessarily result in a breach of the covenant of July 6, 1892, if that covenant be held valid."

Appellee purchased not only appellant's interest in the McClure-Young Hardware Company, Inc., but also his good will. That was the very object of the clause above quoted,—to limit competition by appellee's former associate and to keep for the business his good will. If it should be held that appellant might join a competing firm as an employee, it would be permitting him to be interested directly or indirectly in the hardware business which his covenant forbids. Walnut Ridge is a small city, and by accepting employment with a competitor of appellee, appellant might take with him a great many of his old friends and customers to appellee's great injury and damage. The object of the clause set out was to prevent this, and a penalty was stipulated for its violation,—the forfeiture of all notes remaining unpaid at that time. Courts cannot make contracts for the parties,

but only construe and enforce such as they have made. It is suggested that this contract should be construed strictly against appellee, because he prepared it. But it appears that appellant caused it to be re-written twice before he finally executed it.

The trial court treated the contract as ambiguous and permitted oral testimony explanatory of its meaning. If we should adopt that view it could not avail appellant anything for it appears that the preponderance of the oral testimony is to the effect that appellant would not be permitted to enter into the employment of a competitor, and that both parties so understood the contract as written.

We have concluded that the decree of the trial court is correct, and that it must be affirmed.