REFRIGERATION DISCOUNT CORPORATION v. HASKEW.

4-4726

Opinion delivered October 4, 1937.

*I. J. Friedman* and *George W. Dodd,* for appellant.
*Arnett & Shaw,* for appellees.

McHANEY, J. Appellant is a finance corporation engaged in buying notes and contracts given by purchasers in connection with the sale of refrigerators, and is the holder or assignee in due course of the contract involved in this action, which grew out of the sale of a Kelvinator refrigerator by appellee, T. A. Richey, doing business in Paris, Arkansas, as Pete's Auto Supply, to appellee, C. L. Haskew. The contract of purchase is in writing

and was dated April 8, 1935. The refrigerator was installed shortly thereafter and $25 of the purchase price was paid in cash and the balance of the purchase price was to be paid in monthly installments of $9.98 each until fully paid, title being retained in the seller until the full amount of the contract price was paid. Appellee Haskew says that he paid eight additional payments, but that he was given credit for nine payments, which, including his cash payment of $25, made a total of $114.73. He refused to make other payments for the reason that the refrigerator, after about five months, refused to properly refrigerate food and, although an attempt was made to repair same, it was never repaired to his satisfaction so that it would properly refrigerate.

Appellant brought this action in the justice court in replevin, to recover the possession of the refrigerator of the actual value of $119.77, which is the balance due thereon. Appellee Haskew defended in the justice court on the ground that the refrigerator was not suitable for his purpose and prayed judgment against appellant for the amount of the monthly payments he had made. Trial resulted in a judgment in his favor. An appeal was prosecuted to the circuit court where, on a trial *de novo,* judgment was rendered for appellee in the sum of $89.73, and the court provided in the judgment that on the payment of said sum by appellant, the refrigerator should be returned to it. From that judgment is this appeal.

The contract above mentioned between Richey as seller and Haskew as purchaser provides that in case of default by the purchaser in making the payments, the seller or his assigns may collect the amount due or take possession of the Kelvinator, and that all payments made by the purchaser shall be deemed to have been made for the use of the Kelvinator and as liquidated damages for his default. It, also, provides that all payments by the purchaser are to be made at the office of appellant in Detroit, Michigan, and "the purchaser acknowledges that the seller is not an agent of said corporation to receive payment of the monies payable hereunder or for any other purpose whatsoever and that all payments

are to be made to said corporation and that no payments not so made will be credited unless and until received by said corporation." Another clause is as follows: "It is understood and agreed that this instrument and the seller's interest therein may be offered by the seller for discount to Refrigeration Discount Corporation of Detroit, Michigan. To induce said corporation to accept such assignments, the purchaser hereby agrees and represents to such corporation that such assignments shall be free of any and all defenses which the purchaser may or might have against the seller. All payments by the purchaser are to be made at the office of the Refrigeration Discount Corporation, Detroit, Michigan. The purchaser acknowledges that the seller is not an agent of said corporation to receive payment of the monies hereunder or for any other purpose whatsoever."

In the absence of a statute to the contrary, we think the parties had the right to make this contract herein and to use the language above quoted. Mr. Haskew knew that the instrument had been assigned to appellant. He agreed in advance that it might be done. He made payments to appellant after its assignment to the extent of nine of them. He had the right to agree and did agree in advance that the assignment should "be free of any and all defenses which the purchaser may or might have against the seller." He did so agree and he is now attempting to assert a defense, which is one against the seller, to the suit of appellant, contrary to the express provisions of his contract. He may not do this. There is no contention that Mr. Haskew is under any disability to make a contract of this character. He is a grown man, a teacher in the public schools of Paris, Arkansas. Courts are not permitted to make contracts for persons *sui juris*, but only construe such as they have made.

Counsel for appellee contends that there is an implied warranty, under the circumstances of this case, that the goods are suitable for the uses intended. We agree that such is the fact under the cases cited by counsel and many other cases. But the warranty, whether

express or implied, is one by the manufacturer or the seller, and it is not one imposed upon the purchaser or assignee of the contract here involved as the parties agreed expressly to the contrary.

The court should have directed a verdict in appellant's favor for the possession of the refrigerator as requested by it. For the error in refusing to do so, the judgment will be reversed, and judgment will be entered here in appellant's favor for the possession of same, and for all of the costs of this proceeding, if the balance due is not paid within ten days after this judgment becomes final.

MEHAFFY, J., dissents.