AMERICAN EXCELSIOR LAUNDRY COMPANY *v.* DERRISSEAUX.

4-6837                                                        165 S. W. 2d 598

Opinion delivered October 19, 1942.

*Mike Danaher* and *Palmer Danaher*, for appellant.

*Henry W. Smith*, for appellee.

McHANEY, J. Appellants, American Excelsior Laundry Company and R. Chester List, operate a laundry and dry cleaning business in Pine Bluff, Arkansas, under the trade name of List Laundry & Dry Cleaning Company. On May 21, 1932, they entered into a written contract, under the trade name, with appellee, employing him to solicit and deliver laundry and dry cleaning on their rural route, which included all points in and between the towns therein named and between that territory and Pine Bluff, and agreed to and did furnish the necessary transportation for such purpose. He was paid 15 per cent. of all laundry and cleaning secured and

collected for by him in his territory. It was to continue in force "so long as it is mutually satisfactory to both parties to continue it." The final paragraph in the contract provides: "Allen Derrisseaux agrees that he will not at any time within five years after the termination of this agreement engage in the laundry and dry cleaning business in any of the above mentioned cities in any capacity, either for himself or as employee of any other person, and will not solicit or deliver laundry or dry cleaning in said territory in any manner during said period of time."

Appellee worked under said contract from its date, May 21, 1932, to August 28, 1941, on which date he quit and engaged in business for himself, soliciting and delivering laundry and dry cleaning over the same route.

Appellants, on October 10, 1941, brought this action to enjoin appellee from soliciting or delivering laundry or dry cleaning in the territory described in said contract and for damages. Appellee answered, admitting the execution of said contract and pleading its breach in certain particulars by appellants. By an amendment to his answer, he alleged that the above quoted provision of the contract was void as being in restraint of trade, no mutuality of obligation and no consideration.

Trial resulted in a decree dismissing the complaint for want of equity. The court held that the above quoted paragraph of the contract "is contrary to public policy, tends to stifle competition and is, therefore, void." This appeal followed.

For a reversal of this decree appellants rely strongly on *Bloom* v. *Home Ins. Agency,* 91 Ark. 367, 121 S. W. 293. There the late Judge FRAUENTHAL, for the court, quoted from a Michigan case there cited, the following: "Public policy requires that every man shall be at liberty to work for himself, and shall not be at liberty to deprive himself or the state of his labor, skill or talent by any contract that he enters into. On the other hand, public policy requires that when a man has by skill or by any other means obtained something which he wants to sell, he should be at liberty to sell it in the most

advantageous way in the market; and, in order to enable him to sell it advantageously in the market, it is necessary that he should be able to preclude himself from entering into competition with the purchaser. In such a case the same public policy that enables him to do that does not restrain him from alienating that which he wants to alienate, and therefore enables him to enter into any stipulation, however restrictive it is, provided that restriction, in the judgment of the court, is not unreasonable, having regard to the subject-matter of the contract." *Up River Ice Co.* v. *Denler,* 114 Mich. 296, 72 N. W. 157, 68 Am. St. Rep. 480.

Continuing, the court in the same case said: "Ordinarily, the agreement to refrain from a calling within a given space and for a specified time must accompany a sale of a business property itself. But if the enterprise is disconnected with any plant or tangible property, and is a business with a good will and custom, it is still valid to agree, as a protection to the purchaser thereof, from competition in that line of business, to discontinue such calling, and abstain from such business."

There, Bloom sold an established business, an insurance agency, to the Home Insurance Agency and bound himself in writing not to enter into the business of soliciting fire insurance in Pine Bluff for a period of five years. He did so and was properly enjoined. The other cases cited by appellants, including those cited in the Bloom case, were cases involving similar situations to that of Bloom, where one of the parties had sold to the other his business or property and had agreed not to engage in the same business for a limited period, in all of which it was held that the agreement was valid and the offending party would be enjoined. See *Hampton* v. *Caldwell,* 95 Ark. 387, 129 S. W. 816; *Wakenight* v. *Spear & Rogers,* 147 Ark. 342, 227 S. W. 419; *McClure* v. *Young,* 193 Ark. 188, 98 S. W. 2d 877.

Here, appellee, Derrisseaux, did not sell appellants anything. He simply entered their employ where he continued for more than nine years, when he quit and went in business for himself. Perhaps that is the only business

he knows. He had the right to quit at any time. The contract did not bind either party to continue the relationship for any definite period of time, and, as said in *Love* v. *Miami Laundry Co.*, 118 Fla. 137, 160 So. 32, "Courts are reluctant to uphold contracts whereby an individual restricts his right to earn a living at his chosen calling." See, also, *Witmer* v. *Arkansas Dailies, Inc.*, 202 Ark. 470, 151 S. W. 2d 971, and *Marshall* v. *Irby*, 203 Ark. 795, 158 S. W. 2d 693.

In the latter case we quoted with approval from Restatement of the Law of Contracts, vol. 2, § 515, p. 988, under the heading "When a Restraint of Trade is Unreasonable." Two of a number set out are "(b) imposes undue hardship upon the person restricted, or (c) tends to create, or has for its purpose to create, a monopoly, or to control prices or to limit production artificially."

We are, therefore, of the opinion that the above quoted paragraph of the contract between the parties is against public policy and void, in that it unduly restricts appellee's right to earn a living in his calling and did not involve a "transfer of good will or other subject of property." *Marshall* v. *Irby, supra*. So held the learned chancellor, and the decree is accordingly affirmed.