McLeod *v.* Meyer.

5-3101                                    372 S. W. 2d 220

Opinion delivered November 11, 1963.

*Bethel & Pearce,* for appellant.

*Hardin, Barton & Hardin,* for appellee.

Carleton Harris, Chief Justice. Appellant, J. W. McLeod, is an individual d/b/a Line Service Company in Lamar, Missouri. Since 1951, he has been engaged in the business of clearing rights of way and keeping them clear of brush thereafter for companies which build and use transmission lines, such as electric power and telephone companies. Darrell E. Meyer, appellee herein, was employed by appellant as an area manager in 1960, and the parties entered into a written contract of employment. This contract, *inter alia,* contained the following provision:

"Employee agrees that he will not for a period of five years after the termination of his employment with the company for any reason, either on his part or on the part of the company, engage in any way directly or indi-

rectly as an owner, agent, or employee in any business competitive with the company's business nor solicit or in any manner work for or assist any competitive business in the states of Missouri, Kansas, Oklahoma and Arkansas.''

Meyer's employment was terminated by appellant as of November 25, 1962. Subsequently, appellee instituted suit in the Chancery Court of Sebastian County (Fort Smith District) against appellant wherein he sought to recover salary and expenses alleged to be due under the contract, and also sought a declaratory judgment invalidating the contractual provision which denied Meyer, after termination of employment, the right to participate or engage in a similar trade or business for a period of five years in the four states heretofore mentioned.

Appellant filed an answer, admitting that appellee was due the sum of $825.06 for salary and expenses, and also a counter claim, seeking an order directing Meyer to deliver to appellant a certain automobile and other property which McLeod contended belonged to him. Appellant contended that the aforementioned restraint agreement was fair and reasonable, and the court was asked to enjoin and restrain appellee from violating this provision of the contract. After the filing of certain other pleadings, the cause proceeded to trial. On March 6, 1963, the court entered its decree, finding, *inter alia,* that Meyer should recover from McLeod the sum of $1,224.81 as salary and expenses due; that the contract provided that upon termination of employment the automobile should be immediately returned to appellant;[1] that the provision wherein Meyer agreed not to engage in a competitive business (set out in Paragraph One) for a period of five years in the four states mentioned, ''is unreasonable in that it encompasses too large an area and an unreasonable length of time, and is therefore void.'' From the decree so entered, appellant brings this

---

[1] This automobile had been attached, and was being held by the Sheriff of Sebastian County. The court ordered appellee to bear the costs of storage to date of judgment, and ordered appellant to bear the cost from the date of judgment until same was satisfied.

appeal. While the notice of appeal recites that the entire decree is being appealed from, the appeal actually relates only to the Chancellor's action in declaring the aforementioned provision in the employment contract unreasonable and void. Appellant asserts that the employment contract was reasonable, and insists that the court should have ordered specific performance of the agreement by appellee.

There are no statutes in Arkansas governing contractual restraint provisions as to area or length of time, though the question has been raised in several cases before this court. These provisions are sometimes found in two types of contracts. One type is where an established business is sold, and the seller agrees not to enter into the same business for a certain period of time, or in a particular area.[2] The other type relates to contracts between employers and employees, as in the present instance. An analysis of Arkansas cases reveal that our court has been more prone to uphold restrictive clauses under the former type of agreement than under the latter. In *American Excelsior Laundry Co.* v. *Derrisseaux*, 204 Ark. 843, 165 S. W. 2d 598, we pointed out the distinction between the two types of agreement. However, our cases hold (in each category) that whether a restraint provision is reasonable or unreasonable (and thus valid or invalid), is a matter to be determined under the particular circumstances involved.

Appellant, in his brief, relies mainly on our holding in *Orkin Exterminating Co. of Arkansas* v. *Murrell*, 212 Ark. 449, 206 S. W. 2d 185. There, Murrell agreed that he would not directly or indirectly, "for himself or in behalf of any other person or corporation" engage in the exterminating, fumigating, or termite control service during the term of his employment or for one year following the termination of the agreement in an area embracing part of the state of Arkansas. Murrell, under his assigned duties, had access to all records, customers'

---

[2] See *Bloom* v. *Home Insurance Agency*, 91 Ark. 367, 121 S. W. 293 (1909); *Hampton* v. *Caldwell*, 95 Ark. 387, 129 S. W. 816; *Wakenight* v. *Spear & Rogers*, 147 Ark. 342, 227 S. W. 419; *McClure* v. *Young*, 193 Ark. 188, 98 S. W. 2d 877.

listings, and credit ratings. Trade secrets, were involved, as Orkin maintained a research department wherein the nature and habits of insects and rodents were ascertained, and chemicals and compounds were prepared to be used in their destruction without danger to human beings or damage to furniture, woodwork, etc. Chemicals were mixed and formulae reported. The contract bound the parties to continue the employer-employee relationship for a specified period of time. Murrell subsequently resigned and entered the pest control business for himself in violation of his agreement. This court held that the contract between the parties was reasonable and enforceable.

The circumstances in the instant case are quite dissimilar to the above recited facts. For instance, Murrell voluntarily resigned to enter competitive business. Here, Meyer was fired. Further, under the Orkin contract, Murrell received the protection of a definite period of employment, while employment in the case before us could be terminated at any time upon 30 days notice. Moreover, Murrell did, by virtue of his position and the nature of his employment, receive valuable trade secrets, as well as customer listings and individual credit ratings, but these circumstances do not exist in the instant litigation. In the first place, as heretofore set out, only a limited number of concerns could use the service offered by appellant. Certainly, any individual by simply looking in the telephone directory, could locate the names of electric companies, telephone companies, or telegraph companies, and then easily ascertain the person in charge of the clearing of foliage between power lines, and in rights of way. Of course, in his work, Meyer learned the difference between light, medium, and heavy foliage, and it was necessary that he learn about spans of brush and how to measure density, but there was no special or secret process used in making this determination. The knowledge of how to bid for a job was gained by Meyer, but the information acquired here would hardly seem to come under the classification of "secret formulas;" rather, it was simply the knowledge which one acquires by experience. Actually, it does not appear that any se-

cret formula was used at all by appellant. Chemicals used were sold on the open market, and in some instances the customers furnished their own chemicals. The substance would be mixed with water or diesel oil, and these mixtures were prepared by the foreman of the particular crew doing the work, rather than by appellee.

It is permissible for one to use the experience and knowledge gained during a period of employment. The experience and knowledge thus acquired as an employee does not become the property of the employer. *Witmer* v. *Arkansas Dailies, Inc.,* 202 Ark. 470, 151 S. W. 2d 971.

Be that as it may, the main difference between the facts in *Orkin* and the case before us, and the circumstances that are most persuasive to the conclusion reached, relate to the period of time and the area covered in the restraint clause. In *Orkin* the contract provided that Murrell would not engage in the pest control business for *one* year following termination of his employment, and the area covered was a part of one state. Here, the contract provided that Meyer would not engage in a competitive business for *five* years, and the area covered is four states. This case bears some similarity to *American Excelsior Laundry Co.* v. *Derrisseaux, supra.* In that case, Derrisseaux entered into a contract with the laundry company to solicit laundry and dry-cleaning for appellant's plant, and agreed that he would not at any time within five years after the termination of the agreement, engage in the laundry and dry-cleaning business in the territory assigned to him under his contract. The term of employment was at will. Derrisseaux worked under the contract for a little over three months and then quit, engaging in business for himself, soliciting and delivering laundry and dry-cleaning over the same route. The laundry company instituted suit, and on trial, the court held the restraint provision of the contract void. On appeal, we affirmed the trial court. It might be mentioned, as far as area is concerned, that case involved only a rural route territory out of Pine Bluff. In *McCumber* v. *Federated Mutual Implement & Hdw. Ins. Co.,* 230 Ark. 13, 320 S. W. 2d 637, we held that a

contract restraining competition for two years in a nine-county area was void as an unreasonable restraint of trade.

It is suggested by appellant, that if the court feels that the restriction of 5 years is too long a period, "there would be no reason why the protection of the decree could not be for a shorter period of time." We do not agree, for courts will not vary the terms of a written agreement. To do so, would simply be to make a new contract between the parties, and we have consistently held that this will not be done. *Refrigeration Discount Corp.* v. *Haskew,* 194 Ark. 549, 108 S. W. 2d 908; *Roth* v. *Prewitt,* 225 Ark. 467, 283 S. W. 2d 155.

It is apparent, under the facts in this case, that the restraint clause is much broader than that in *Derrisseaux* or *McCumber,* and we agree with the chancellor that the provision in question is "unreasonable in that it encompasses too large an area and an unreasonable length of time, and is therefore void."

Affirmed.