BAILEY *v.* KING

5-3769                                    398 S. W. 2d 906

Opinion delivered February 14, 1966

*Franklin Wilder,* for appellant.

*H. Clay Robinson,* for appellee.

CARLETON HARRIS, Chief Justice. George King d/b/a Acme Industrial Laundry, appellee herein, employed appellant, Richard E. Bailey, as a route salesman on July 2, 1963. The laundry is engaged in the business of renting linens and industrial uniforms to commercial customers, and the soiled linens and uniforms are picked up at regular intervals by the routemen, and replaced with clean ones. Every employee is assigned a list of customers that he is to service. Upon employment, Bailey executed an agreement, agreeing, in consideration of being employed, that, on termination of the employment, he would not "directly or indirectly engage

in the linen supply business * * * or any competitive business within the city of Fort Smith, Arkansas, or within a radius of 25 miles of the city of Fort Smith * * * for a period of one (1) year from the date when his employment under this contract ceases." The form agreement also included "cleaning and laundry," but these words were stricken from the contract. On May 6, 1965, Bailey's employment was terminated by his employer, and appellant soon thereafter accepted employment with Tulsa Linen Service, a direct competitor of Acme's, and commenced soliciting former customers (whom he had called on for Acme), and obtained some of these as customers for the new employer. King instituted suit in the Sebastian Chancery Court to enforce the provisions of the contract, and, after the taking of evidence, the court entered a permanent injunction, enjoining Bailey "from participating in the linen supply, rental of industrial uniforms and allied business within the city of Fort Smith * * * or radius of twenty-five miles around Fort Smith * * * for a period of one (1) year * * *" from the termination of his employment. From the decree, appellant brings this appeal. Appellant asserts that the contract is void as against public policy; that the contract is void because of lack of mutuality; and that there was no valid reason for issuance of the injunction.

The question of contractual restraint provisions has been passed upon by this court several times, and in *McLeod* v. *Meyer,* 237 Ark. 173, 372 S. W. 2d 220, we pointed out that "whether a restraint provision is reasonable or unreasonable (and thus valid or invalid) is a matter to be determined under the particular circumstances involved." In *Little Rock Towel and Linen Supply Company* v. *Independent Linen Service Company of Arkansas,* 237 Ark. 877, 377 S. W. 2d 34, we held a contract, which provided that appellant would not, during his employment with appellee, or for a period of five years thereafter, be connected directly or indirectly with any other linen service company, or with any laundry anywhere within appellee's territory in

Arkansas, to be void. It will be quickly noted, however, that the period of time was five years, and likewise, the appellant in that case was prohibited from engaging in the family laundry business as well as a linen supply service. We commented:

"* * * According to the proof there is a clear-cut distinction between a family laundry and a linen supply service. A family laundry is engaged principally in laundering clothing and household linen for residential customers. A linen service company deals principally with commercial customers. Such a company owns commercial uniforms, restaurant linen, barber supplies, and the like, which the company rents to its patrons. Its routemen make calls at frequent intervals for the purpose of collecting soiled linen and replacing it with an equal supply of clean linen.

"When Independent Linen and Bew [appellant] executed their agreement the company was engaged in the linen service business, but never in its history had it been engaged in the laundry business. Hence its attempt to restrain Bew from entering the latter field went decidedly farther than the company's protection required. * * *"

Likewise in *American Excelsior Laundry Company* v. *Derrisseaux*, 204 Ark. 843, 165 S. W. 2d 598, we held that an agreement, which provided that Derrisseaux could not engage in the laundry and dry cleaning business in a particular territory for five years, was void. It seems clear that this court is of the view that five years is an unreasonable length of time to restrict a former employee's competition. However, the facts in the instant case are decidedly different. In the first place, Bailey, under the agreement, was still permitted (if he should leave Acme's employment) to engage in the home laundry business, a business in which he had been previously employed before entering the employment of appellee. It is thus clear that he was not being deprived of this means of earning a living. In the next place, the

amount of time covered by the restriction is only one year, obviously quite different from the five-year restrictions in the two linen and laundry cases herein cited. To say that this contract was unreasonable would actually have the effect of saying that no employment agreement in the laundry, or linen supply business, could be upheld, and this would be contrary to decisions from various jurisdictions. This particular type of business seems to be a fertile field for this type of contract, and, in fact, appellant signed a similar agreement with Tulsa Linen Service when he commenced work for it.

Appellant contends that there is no mutuality (of consideration), and the contract is thus void. He argues that, under the agreement, appellee did not have to employ Bailey for any particular length of time; appellee did not have to pay any specific amount of money; and could fire Bailey without cause. We do not agree with appellant's contention. Numerous cases support the enforceability of protection covenants where the consideration is based simply upon employment. *National Linen Service Corp.* v. *Clower,* 175 S. E. 460 (Ga.); *Tolman Laundry* v. *Walker,* 187 A. 836 (Md.); *Sherman* v. *Pfefferkorn,* 135 N. E. 568 (Mass.).[1]

Of course, if an employer obtained an agreement of this nature from an employee, and then, without reasonable cause, fired him, the agreement would not be binding. In other words, an employer cannot use this type of contract as a subterfuge to rid himself of a possible future competitor. As we have pointed out, each case must stand upon its own facts. Here, there is no evidence that this was not a *bona fide* agreement. There is no evidence of trickery or chicanery. Bailey was employed for nearly two years before his services were terminated, and without going into detail, we simply say that there were valid reasons for ending his employment.                    ,

---

[1]These, incidentally, are laundry cases.

The breach of a covenant not to compete is, of course, of a continuing nature, and an action for damages is hardly adequate, mainly because of the extreme difficulty in determining the amount of damage caused by loss of business. It appears that the only realistic relief for a breach of this type of contract is by injunction, and the court properly granted that remedy in the instant case.

Summarizing, we hold that the contract in issue, providing that appellant could not engage in the linen supply business for the period of one year within a radius of twenty-five miles of the city of Fort Smith, was a reasonable agreement, and accordingly enforceable.

Affirmed.

JOHNSON, J., dissents.