**SECURITY SERVICES, INC. d/b/a Security Couriers, Appellant,**

v.

**Carl B. PRIEST, Individually and d/b/a C–B Couriers, Appellee.**

No. 18295.

Court of Civil Appeals of Texas, Dallas.

Feb. 7, 1974.

Robert S. Hirsh, Jerome L. Prager, Hoppenstein & Prager, Dallas, for appellant.

James E. Price, Law Offices of Dennis G. Brewer, Irving, for appellee.

GUITTARD, Justice.

On this appeal we affirm the trial court's denial of a temporary injunction restraining competition by plaintiff's former employee.

Security Services, Inc. sued Carl B. Priest, its former sales manager, to restrain him from violating a covenant in his employment contract restricting him from competing with plaintiff within Dallas County and adjoining counties for a period of one year after termination of his employment. Defendant admitted the competition, but defended on the ground that plaintiff did not come into court with clean hands. The trial court denied the temporary injunctive relief pending suit, and plaintiff seeks reversal on the ground that the trial judge abused his discretion, since the undisputed evidence shows that defendant was engaged in soliciting plaintiff's customers in violation of the covenant and that temporary relief was necessary to preserve the status quo of the subject matter during pendency of the suit. Defendant contends that the injunction was properly denied because the evidence supports a conclusion by the judge that plaintiff was guilty of unconscionable conduct in discharging defendant without cause after only a short period of employment and after getting the benefit of customer contacts that defendant had developed while working for a previous employer who was in competition with plaintiff. We find that the evidence does support such an inference and, for this and other reasons, we hold that no abuse of discretion is shown.

The evidence is conflicting in several important respects. Defendant testified that in August 1972 plaintiff's president, Martin Coben, approached him about employment, but that he was not interested at that time because he was happy with his employment with American Couriers, a competitor of plaintiff. The next contact occurred in December 1972. The witnesses disagreed as to which party initiated this meeting, but defendant admitted that he was then available for employment because American Couriers had asked him to leave when he had not accepted an offer to go to Iowa. Defendant testified that in one of their preliminary conversations Coben told him plaintiff never had any trouble with competition from American Couriers until defendant went to work for them and that Coben wanted to know how much business of American Couriers he could bring with him. He replied he could bring approximately $2200 a month.

Defendant's employment with plaintiff began January 31, 1973. The contract recites that his previous contract with American Couriers had included a covenant against competition and that defendant represented that he was free to enter plaintiff's employ without violating his earlier contract. At the time of signing the contract with plaintiff, defendant furnished at plaintiff's request an opinion of his own lawyer, who represented him in negotiating the contract, that he was free to be employed by plaintiff.

According to defendant, Coben encouraged him to solicit the customers of American Couriers, and he did. Defendant testified that he put approximately $3700

worth of business per month on plaintiff's books, and that sixty per cent of it was probably from American Couriers. This estimate was disputed, and much of the testimony in the record concerns how much business defendant was actually responsible for. We accept defendant's estimate, however, since the trial judge evidently did. According to defendant, when his employment was terminated he had forty or fifty proposals outstanding with American Couriers' customers, and he felt that he had "saturated" all of those customers.

The contract of employment provides:

[T]he employment of Employee may be terminated by either party, upon thirty (30) days' written notice, or may be terminated by Employer with or without cause, upon payment of two (2) weeks' severance pay to Employee . . . .

Defendant was discharged without notice on June 8, 1973. Plaintiff paid him two weeks' severance pay, as the contract required, and he does not dispute plaintiff's contractual right to terminate his employment in this manner. He contends, however, that the contract was unconscionable in that it did not bind plaintiff to employ him for any period of time, but permitted plaintiff to take advantage of defendant's contacts with the customers of American Couriers by soliciting their business, and then, as soon as it got the benefit of those contacts, it could discharge him and prevent him from earning a living. He insists that under the circumstances shown, the trial court was not required to enforce the contract.

As bearing on the question of whether the circumstances of defendant's discharge would justify a court of equity in denying enforcement of the restrictive covenant, both parties presented evidence concerning the cause of the discharge. Plaintiff's evidence tends to show that defendant was not producing as expected, that the new accounts which defendant wrote were not profitable because of the scattered location of the customers, and that plaintiff had difficulty maintaining contact with defendant when he was in the field. Defendant's testimony tends to show that he brought in a substantial volume of business, that he never heard any complaint about his work, and that Coben assured him that his services were satisfactory until June 8, 1973, when Coben informed him that plaintiff would have to let him go because he was too expensive.

Defendant's title during his employment with plaintiff was sales manager, but Coben acknowledged that plaintiff had no employee with that title before defendant was employed and that the position was not filled after defendant left. Defendant suggests that this circumstance adds force to his argument that plaintiff's purpose in employing him was to attract the customers of American Couriers and that he was discharged when that purpose had been accomplished.

■ Although defendant admitted that he was competing with plaintiff at the time of the hearing, he had barely started his business, and there is no evidence that he had actually diverted any customers from plaintiff. He was cross-examined about various prospective customers whose business he had solicited, but it is not clear from the record that any of them had current contracts with plaintiff.

■ We conclude that plaintiff has not established a clear right to enforcement of the covenant against competition. Such covenants are not favored by the courts because of the public policy against restraints of trade and the hardship resulting from interference with a man's means of livelihood. Byers v. Trans-Pecos Abstract Co., 18 S.W.2d 1096 (Tex.Civ. App.—El Paso 1929, writ dism'd); 6A A. Corbin, Contracts § 1394 (1962). Therefore, an agreement by an employee not to compete after termination of employment will be enforced only to the extent reasonably necessary to protect the business and goodwill of the employer. Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310,

340 S.W.2d 950 (1960). The burden is on the former employer to go beyond the terms of the employment contract and establish by satisfactory evidence both the necessity for and the reasonableness of the restraint on competition which he seeks to enforce. Weber v. Hesse Envelope Co., 342 S.W.2d 652 (Tex.Civ.App.—Dallas 1960, no writ); Denny v. Roth, 296 S.W. 2d 944 (Tex.Civ.App.—Galveston 1956, writ ref'd). If the contract is terminable at the will of the employer, the covenant does not for that reason alone lack consideration. Carl Coiffure, Inc. v. Mourlot, 410 S.W.2d 209 (Tex.Civ.App. —Houston 1966, writ ref'd n. r. e.); 1A A. Corbin, Contracts § 170 (1963). There is authority, however, to the effect that even though the employment may be terminated at will, equity may deny enforcement of the covenant if the employer acts arbitrarily and unreasonably in discharging the employee. Economy Grocery Stores Corp. v. McMenamy, 290 Mass. 549, 195 N.E. 747 (1935); Dictograph Products, Inc. v. Morris, 54 N.Y.S.2d 211 (Sup.Ct.1945); 1A A. Corbin, Contracts § 170 (1963); Blake, Employee Agreements Not to Compete, 73 Harv.L.Rev. 625, at 685 (1960). Also, dicta may be found to the effect that in certain circumstances equity may deny enforcement of the covenant where the employee is discharged without cause after only a short period of employment. See Bailey v. King, 240 Ark. 245, 398 S.W.2d 906 (1966); Granger v. Craven, 159 Minn. 296, 199 N.W. 10 (1924), quoted with approval in Carl Coiffure, Inc. v. Mourlot, *supra*; Frierson v. Sheppard Building Supply Co., 247 Miss. 157, 154 So.2d 151 (1963). Plaintiff has cited no Texas authorities which we consider inconsistent with these views.

Application of these principles to the case before us compels the conclusion that no abuse of discretion is shown. Since the trial judge made no specific findings of fact, we have no way of knowing exactly what facts or circumstances formed the basis of the decision, but we must presume that he resolved all fact disputes against plaintiff. Although defendant admitted that he was competing, plaintiff's evidence concerning the necessity of the injunction to prevent injury to plaintiff's business and goodwill was weak, at best, and the court would have been justified in finding as a fact that plaintiff had not carried its burden in this respect. He may also have considered the actual duration of the employment and the circumstances of its termination and concluded that the employer had taken improper advantage of his contractual right to terminate. He could have inferred that plaintiff had employed defendant chiefly for the purpose of attracting the customers of defendant's former employer, American Couriers, and that as soon as plaintiff had obtained maximum benefit from defendant's contacts with those customers, it discharged him without reasonable cause. Another fact issue for the trial judge was whether the employment of defendant for a period of slightly more than four months was adequate compensation for the covenant restricting him for a period of one year from pursuing the only business he knew in the area where he was known.

The case differs in important respects from the cases cited by plaintiff in which denial of temporary relief against competition by former employees was held to be an abuse of discretion. See Professional Beauty Products, Inc. v. Schmid, 497 S.W. 2d 597 (Tex.Civ.App.—El Paso 1973, no writ); Carl Coiffure, Inc. v. Mourlot, 410 S.W.2d 209 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.); John L. Bramlet & Co. v. Hunt, 371 S.W.2d 787 (Tex.Civ.App.— Dallas 1963, writ ref'd n. r. e.); Spinks v. Riebold, 310 S.W.2d 668 (Tex.Civ.App.— El Paso 1958, writ ref'd). None of these cases involved the question of a discharge without cause after so short a period of employment as here, and none involved the fact issues presented by this record.

■ Neither do we find that temporary relief was required in order to preserve the subject matter during pendency of the suit. Defendant was discharged on June 8, 1973,

and the application for temporary injunction was heard September 20, 1973. The question before the trial judge was whether defendant should be restrained pending trial on the merits from violating his covenant not to complete during the year ending June 8, 1974. In deciding this question the judge was entitled to consider how soon such a trial could be provided, and if he found that a substantial portion of the remaining eight and one-half months would probably elapse before final disposition, he could properly consider whether a temporary injunction would be tantamount to granting the relief that would have been available if the case had been before him for final disposition. In this situation, the defensive matters above discussed were pertinent to the exercise of his discretion. On this record we cannot say that his discretion was abused.

Our ruling should not be understood as indicating an opinion on the merits, since the evidence may be different at the final trial.

Affirmed.

CLAUDE WILLIAMS, Chief Justice (concurring).

I concur only in the result reached by the majority. In my opinion the judgment should be affirmed on the sole ground that plaintiff has failed to present sufficient evidence that defendant's admitted competitive endeavours have damaged plaintiff's business so as to justify the issuance of an injunction. Such being true the court did not abuse its discretion in denying equitable relief.

However, I wish to disassociate myself from the remainder of the majority opinion. The record reveals that the parties entered into a perfectly legal contract which gave each the right to terminate the same without cause. I fail to see any issue concerning cancellation of the contract.

I cannot accept the admitted dicta in cases from other states which attempt to weaken the established law in Texas dealing with contracts which include covenants against competition.