CALICO ROCK SCHOOL DISTRICT #50, by its Board
Members, David McNEILL, et al. *v.* Donnie SPEAK

87-78                                        736 S.W.2d 10

Supreme Court of Arkansas
Opinion delivered September 28, 1987

*G. Ross Smith & Associates, P.A.,* by: *G. Ross Smith* and
*W. Paul Blume,* for appellant.

*Woodruff & Huckaby,* by: *Curt Huckaby,* for appellee.

JOHN I. PURTLE, Justice. The trial court, sitting as a jury,
found in favor of appellee, who had sued the appellant school
district for breach of contract. On appeal it is argued that the trial
court erred in finding that the appellant did not have the right to
terminate the employment contract in order to preserve its
financial stability. For reasons stated below we hold that the court
properly entered the judgment.

The appellee, a custodial employee of the appellant, was
employed by written contract for the 1984-85 school year. During
the school year the superintendent became concerned that the
school district would end the year at a deficit which is prohibited
by statute; so, he requested and received permission from the
school board to terminate appellee's contract. The only reason for
the termination was to save the school district $5,540.00. By
terminating the appellee and taking other cost saving measures,
the school district was able to end the year with a balance of more
than $30,000.00.

The trial court found that the school district was under

no obligation to enter into a written contract with noninstructional personnel. The court further held that, having chosen to do so, the school district was obligated to abide by the terms of the contract.

The appellant argues that the trial court's finding was clearly erroneous because a school district cannot be held liable when it terminates employment contracts to prevent operating at a deficit. Appellant relies on Ark. Stat. Ann. § 80-509(*l*) (Repl. 1980), which provides in part as follows:

> If in any school district it should be apparent that the school cannot be operated for the remainder of the school year without incurring more indebtedness than that represented by outstanding bonds, and those that may be issued for buildings, and equipment for the school buildings, purchasing sites, and repairing school buildings, or the improvement of sites, it shall be the duty of the school directors to close the school and cease paying the teachers for the remainder of that fiscal year, and each contract made with the teachers shall be subject to that contingency, and the district shall not be liable for teachers['] salaries for the time the school is so closed.

The trial court correctly held that it had no authority to vary the terms of the parties' contract. *McLeod* v. *Myer*, 237 Ark. 173, 372 S.W.2d 220 (1963). Ark. Stat. Ann. § 80-509 (Repl. 1980) states that an employment contract between teachers and school districts may be terminated in the event the district is unable to meet its financial obligations. However, there is no statutory requirement that school custodians be employed by contract (see § 509(d)), much less that their contracts be subject to such contingency. Having elected to enter into a contract which did not provide for such a contingency, the school district and the appellee were equally bound to honor its terms.

Affirmed.

HICKMAN and GLAZE, JJ., concur.

HAYS, J., dissents.

DARRELL HICKMAN, Justice, concurring. I agree with the result reached in this case. However, I would not want the

impression left that a superintendent and school board are powerless during a school term to make cuts to keep a district solvent. See Ark. Stat. Ann. § 80-509 (Repl. 1980).

TOM GLAZE, Justice, concurring. I concur. I would decide this case simply on the basis that the trial court's findings and decision were not clearly erroneous and should be affirmed. In its judgment, the court found the proof showed that the school district (appellant) ended the year in the "black", having enough money to have continued appellee's employment for the full term of his contract. The record specifically reflects the appellant had sufficient funds to meet its obligations at the time it dismissed appellee and, in fact, the appellant never operated one day in the "red" during the school-year term in question. If the proof had been otherwise, I would agree the appellant would have authority to act so as to avoid insolvency. However, based upon the record before us, I believe this court must affirm.

STEELE HAYS, Justice, dissenting. I believe the majority, like the trial court, is influenced by the fact that the school district managed to avoid a deficit and finish the school year in the black. That seems to me to be beside the point.

It is clear from the letter and spirit of the statutes dealing with school financing that the legislature meant to delegate the power to school districts to take extraordinary, and timely, measures to avoid operating at a loss. The actions of the superintendent were, I think, entirely consistent with those sound objectives and the district ought not to be penalized for accomplishing what the legislature so clearly mandated. I would reverse.