The Honorable John "M" Lipton State Representative 200 South Martin Street Warren, Arkansas 71671
Dear Representative Lipton
This is in response to your request for an opinion concerning the employment of non-certified personnel by school districts. You have asked the following specific question in this regard:
 Are school districts required to have non-certified personnel under contract?
Arkansas Code of 1987 Annotated 6-13-620(3) provides in pertinent part:
 The board of directors of each school district in the state shall be charged with the following powers and perform the following duties: . . . (3) (e)mploy teachers and other employees necessary for the proper conduct of the public schools of the district and make written contracts with teachers and all other employees in the form prescribed by the State Board of Education.
Subparagraph C of 6-13-620(3) further reads:
 The issuing of annual contracts to personnel other than teachers shall be optional with each local school board. In the event that a local school board elects not to issue annual contracts to any of its non-teaching employees, it shall secure from each employee not under contract a signed time sheet for each pay period. The time sheet shall state the number of hours worked, rate of pay per hour and total amount of compensation due for that pay period. The time sheet covering each pay period shall be signed by the payee and the disbursing officer of the school district.
The language of the foregoing provisions was considered by the Arkansas Supreme Court in the case of Calico Rock School District No. 50 v. Speak, 293 Ark. 206, 736 S.W.2d 10 (1987). That case involved a breach of contract action brought by a custodial employee who was employed by the district under a written contract. The Supreme Court stated in pertinent part as follows in affirming the lower court ruling:
 The trial court fund that the school district was under no obligation to enter into a written contract with noninstructional personnel. The court further held that, having chosen to do so, the school district was obligated to abide by the terms of the contract.
. . .
The trial court correctly held that it had no authority to very the terms of the parties' contract. (Citation omitted). Ark. Stat. Ann. 80-509 (Repl. 1980) states that an employment contract between teachers and school districts may be terminated in the event the district is unable to meet its financial obligations. However, there is no statutory requirement that school custodians be employed by contract (see 509(d)), much less that their contracts be subject to such contingency. Having elected to enter into a contract which did not provide for such a contingency, the school district and the appellee were equally bound to honor its terms.
293 Ark. at 207. (Emphasis added). Ark. Stat. Ann. 80-509(d) is now codified at Arkansas Code of 1987 Annotated 6-13-620(3), cited above.
The Court's interpretation of A.C.A. 6-13-620(3) with respect to whether "noninstructional personnel" must be "employed by contract" is clear. Id. While the Court's decision in the Calico Rock case essentially turned on the existence of a contract, notwithstanding the apparent absence of an actual duty to enter into such, we must conclude from the Court's statements that if asked to address your specific question, it would restate its conclusion set forth therein that ". . . there is no statutory requirement that school custodians be employed by contract." Id. It is therefore my opinion that the answer to your question is no.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.